RESPECT INCORPORATED and Coleen Mast, Plaintiffs,

v.

COMMITTEE ON the STATUS OF WOMEN, d/b/a Project Respect, Defendant.

No. 90 C 3770.

United States District Court, N.D. Illinois, E.D.

April 1, 1993.

Daniel F. O'Connell, Joliet, IL, for plaintiffs.

David A. Crossman, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This Court's February 17, 1993 memorandum opinion and order (the "Opinion") dealt with the parties' cross-motions for summary judgment as to the copyright claim that is set out in Count I of the Complaint brought by Respect Incorporated and Coleen Mast (collectively "Respect") against Committee on the Status of Women ("Committee"). In the Opinion this Court granted Respect's motion and denied Committee's, in consequence of this Court's having found Respect to be the owner of the disputed copyrights and having rejected Committee's claim of proper authorization to print and distribute the copyrighted books (the "Textbooks") to the economic detriment of Respect as the copyright owner.

Since the issuance of the Opinion the parties have focused on the question of the appropriate relief that should stem from Committee's infringement of the copyrights. This Court has today issued a permanent injunction against future infringements, and this memorandum opinion and order will deal with Respect's further motion for an accounting of Committee's profits and for the imposition of a constructive trust against Committee. For the reasons stated here, Respect's motion is granted.

One procedural issue should be put aside at the outset. Respect has headed one of its current submissions as a "Motion for Summary Judgment as to Plaintiff's Right to an Accounting of Defendant's Profits from Copyright Infringement." That has in turn led Committee to respond in part by pointing to Respect's having failed to comply with this District Court's General Rule 12(M), which requires a summary judgment movant to set out a statement of assertedly uncontested material facts together with record references. Committee certainly cannot be faulted for its argument in that regard, given the label that Respect attached to its motion.

**532**

But the problem really lies in Respect's having used the wrong label in the first place—for this current motion is *not* one for summary judgment (or partial summary judgment) within the meaning of Fed.R.Civ.P. 56, but is rather one to ascertain the appropriate legal remedies for the already-granted summary judgment as to liability on Respect's copyright claim.

To turn to the merits of that subject, in that respect Committee's current submission is as unsustainable as were its submissions on the substantive copyright questions. In urging the inappropriateness of an accounting of its profits, Committee has seriously mischaracterized the relevant provision of the Copyright Act, 17 U.S.C. § 504 ("Section 504"):

(a) **In General.**—Except as otherwise provided by this title, an infringer of copyright is liable for either—

(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or

(2) statutory damages, as provided by subsection (c).

(b) **Actual Damages and Profits.**—The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

■ By its plain language that statute entitles the copyright owner who has been the victim of an infringement to either (a) the statutory damages defined in Section 504(c) (which need not be quoted for current purposes) or (b) the amount specified in Section 504(b). And more critically for present purposes, the equally plain meaning of that latter provision is that the copyright owner is entitled to the *greater* of (1) its own actual damages and (2) the infringer's profits. Indeed the enactment was a corrective measure to overturn the line of some prior case law authority that had granted copyright owners the *sum* of their actual damages plus the infringer's profits.

There is of course only one way to determine which of two numbers is larger, and that is to ascertain *both* of those numbers. Hence the necessary corollary of the Section 504(b) formulation—which applies whenever the copyright owner does not claim statutory damages—is that the owner is entitled to an accounting of the infringer's profits. This Court therefore orders Committee to provide such an accounting forthwith. At the next status hearing on April 14 the parties should come prepared to discuss the procedures for that purpose (their respective counsel are directed to have discussed the subject in the meantime).

■ As for the constructive trust issue, the same law that entitles Respect to recover Committee's profits—or to recover Respect's actual damages if they are greater—effectively renders Committee a trustee de son tort. Nor does Committee's status as a not-for-profit corporation insulate it from that obligation or that status, given the fact that "profits" in the sense employed in the Copyright Act do not equate to taxable income (see, e.g., *Harper & Row, Publishers, Inc. v. National Enterprises*, 471 U.S. 539, 567, 105 S.Ct. 2218, 2234, 85 L.Ed.2d 588 (1985)). In that regard Committee wrongly cavils at Respect's concern that Committee's funds will be "dissipated," for that concern is entirely legitimate.[1] Accordingly Committee's counsel is ordered to ascertain its financial situation—both its assets and its outstanding liabilities—in preparation for the April 14 status hearing.

1. "Dissipated" has to be understood in the sense that Committee's funds, if expended, will be rendered unavailable to Respect—thus depriving it of its statutory entitlement. That risk may in fact be increased rather than diminished by Committee's status as a not-for-profit entity.